UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICOLE L. QUIROZ,

                Plaintiff,

-against-

UR MEDICINE ST. JAMES HOSPITAL,

                Defendant.

23-CV-0453 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, Nicole L. Quiroz, who resides in Steuben County, New York, brings this action *pro se*. She alleges that Defendant UR Medicine St. James Hospital violated her rights in Steuben County, New York.[1] For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Western District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that her rights were violated during a December 2022, incident in

---

[1] The Court understands "UR" to stand for the University of Rochester.

Defendant UR Medicine St. James Hospital's emergency room, which is located in Hornell, Steuben County, New York. Steuben County falls within the Western District of New York. *See* 28 U.S.C. § 112(d). Because Defendant is located in Steuben County, and the events giving rise to Plaintiff's claims occurred in Steuben County, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).[2]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because the events giving rise to Plaintiff's claims occurred in Steuben County, and Defendant is located in Steuben County, venue is proper, under Section 1391(b)(1), (2), in the Western District of New York. *See* 28 U.S.C. § 112(d). In the interest of justice, the Court transfers this action to the United States District Court for the Western District of New York. 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in the Southern District of New York.

---

[2] This federal judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

3

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 23, 2023
         New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                   Chief United States District Judge